UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALBERTHA WRAY,
                              Plaintiff,

              -v-
                                        15-CV-6845 (JPO)

HEALTH & HOSPITAL CORPORATION,
                                        OPINION & ORDER
                            Defendant.
-----------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiff Albertha Wray, proceeding *pro se*, filed this action on August 28, 2015. (Dkt. No. 1.) In the Complaint, Wray alleges that Defendant Health & Hospital Corporation ("HHC") failed to promote her, subjected her to unequal terms or conditions of employment, and terminated her, all in violation of the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL"). On January 22, 2016, HHC moved to dismiss. For the reasons that follow, the motion is granted.

**I.    Background**

      The following facts, which are taken from Wray's Complaint, are assumed true for purposes of this motion. *See Integra FX3X Fund, L.P. v. Deutsche Bank, AG*, No. 14-CV-8400, 2016 WL 1169514, at *1 (S.D.N.Y. Mar. 22, 2016). The Court also takes judicial notice of public documents in Wray's related administrative proceedings and litigation. *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.* No. 13-CV-8997, 2016 WL 236249, at *3 (S.D.N.Y. Jan. 20, 2016).

      Wray was an employee of HHC at the Kings County Hospital Center in Brooklyn, New York. She alleges that she was widely recognized as an effective employee, yet was subject to a fraudulent poor evaluation, denied a promotion, and terminated. According to Wray, HHC

orchestrated her dismissal so that Wray could be replaced with a younger and much cheaper employee.  She also alleges that HHC has similarly ousted other employees on account of their age.

Wray filed a complaint with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission (EEOC) on May 11, 2012, alleging a variety of claims including age discrimination.  (Dkt. No. 14 Ex. A.)  The agency conducted an investigation, found that probable cause existed, held a hearing, and dismissed her claims on August 8, 2014.  (*Id.* Exs. B-C.)  Though Wray's Complaint indicates that she has yet to receive a right-to-sue letter, one is attached to her Complaint.  That right-to-sue letter, dated September 23, 2014, shows that the EEOC adopted the findings of the state agency.  (Dkt. No. 2 at 6.)  Wray admits receiving this notice in September 2014.  (Dkt. No. 3.)  (The record also contains a right-to-sue letter from May 2014.  (*See* Dkt. No. 14 Ex. D.)  It is not clear what issues that letter concerned, but it would not change the Court's analysis in any event.)

On August 15, 2014, Wray sued HHC in the United States District Court for the Eastern District of New York alleging violations of the ADEA.  That court dismissed Wray's case without prejudice on October 17, 2014, for failure to pay the filing fee or make an adequate showing of indecency.  (*Id.* Ex. E; Dkt. No. 2 at 8.)  The Second Circuit dismissed Wray's appeal on February 11, 2015.  She then filed this action.

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That standard is met when a complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). The court "need not accord [l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (alteration in original) (internal quotation marks and citation omitted)). Ultimately, the allegations "must be enough to raise a right to relief above the speculative level." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In all cases involving *pro se* plaintiffs, courts construe the complaint liberally and interpret the plaintiff's pleadings "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 467 (2d Cir. 2006) (citation omitted). As a general rule, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

It is well settled that "[a]n action alleging an employer's violations of . . . the ADEA must be commenced within ninety days of the plaintiff's receipt of a right-to-sue letter from the EEOC, if such a letter is issued." *Yajaira Bezares C. v. The Donna Karan Co. Store LLC*, No. 13-CV-8560, 2014 WL 2134600, at *3 (S.D.N.Y. May 22, 2014) (citing 29 U.S.C. § 626(e)); *see Williams v. City of New York*, No. 12-CV-8518, 2014 WL 1383661, at *10 (S.D.N.Y. Mar. 26, 2014), *aff'd*, 602 F. App'x 28 (2d Cir. 2015). The law presumes that "a notice by a government agency was mailed on the date shown on the notice," and that "a mailed document is received three days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (per curiam). The right-to-sue letter is dated September 23, 2014, and rather than rebut these presumptions, Wray admits that she received the letter in September 2014.

Accordingly, the ninety-day clock began running on September 26, 2014.  It follows that the time for Wray to file this action expired well before August 28, 2015, the date on which she filed the Complaint in this action.

The law permits these strict rules to bend "in [] rare and exceptional circumstance[s] in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alterations in original) (internal quotation marks and citation omitted); *see Setevage v. Dep't of Homeland Sec.*, 539 F. App'x 11, 12 (2d Cir. 2013).  To receive equitable tolling, Wray must show that she "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Poniatowski v. Johnson*, No. 13-CV-1490, 2014 WL 7404107, at *3 (S.D.N.Y. Dec. 31, 2014) (quoting *Zerilli-Edelglass*, 333 F.3d at 80-81).  Wray alleges that she "continuously" visited the Eastern District's Cadman Plaza Courthouse from September through December 2014 and went to the Thurgood Marshall Courthouse in January 2015, during the pendency of her appeal, seeking information on how to "reopen" her case and "get help that[she] need[ed] since no one was responding." (Dkt. No. 3.)  She also alleges that she contacted the EEOC for assistance several times, primarily in August 2015 around the time she filed this action. (Dkt. No. 3.)  During all these contacts, she reports that she was either "misled and given the wrong information" or that no one assisted her. (Dkt. No. 19 at 2, 5.)

It is far from clear that these facts would show reasonable diligence or extraordinary circumstances, given that Wray need only have complied with the Eastern District's clear instructions to pursue her claims in a timely manner. *Compare, e.g.*, *Frederick v. JetBlue Airways Corp.*, No. 14-CV-7238, 2016 WL 1306535, at *7 (E.D.N.Y. Mar. 31, 2016) (describing cases of "reasonable confusion" that toll the limitations period), *with Capobianco v. Sandow*

*Media Corp.*, No. 11-CV-3162, 2012 WL 4561761, at *3 (S.D.N.Y. Sept. 29, 2012) ("[A] plaintiff or his or her attorney's failure to act diligently does not justify an equitable toll." (internal quotation marks omitted)).  Moreover, even if Wray's actions justified tolling the limitation period through the pendency of her case in the Eastern District of New York, the record does not warrant tolling from the termination of that case on February 11, 2015, to her filing of this case in August 2015.  During that time, despite having filed an action with the courts before on the same subject, she reports generally that she sought "help" from the EEOC around August 2015.  Those allegations are not enough to support a showing of reasonable diligence.  And Wray's 90-day time to file this action ran during that window.  Accordingly, Wray's ADEA claim must be dismissed.

Finally, Wray also claims that HHC violated the NYSHRL.  This claim is barred by New York's statutory election of remedies provision.  *See* N.Y. Exec. Law. § 297(9).  "Once an individual pursues administrative relief for her NYSHRL . . . claims, she has elected her remedy and any subsequent judicial action based upon the same events is jurisdictionally barred." *Sank v. City Univ. of N.Y.*, No. 10-CV-4975, 2011 WL 5120668, at *7 (S.D.N.Y. Oct. 28, 2011); *see also Rumsey v. Ne. Health Inc.*, 634 F. App'x 318, 320 (2d Cir. 2016); *York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 1999); *Levi v. RSM McGladrey, Inc.*, No. 12-CV-8787, 2014 WL 4809942, at *3 (S.D.N.Y. Sept. 24, 2014).  Wray filed a complaint with the NYSDHR alleging age discrimination in violation of the NYSHRL.  The NYSDHR dismissed her claims on the merits.  *See Levi*, 2014 WL 4809942, at *3 n.4 (identifying exceptions for certain non-merits NYSDHR decisions).  Wray may not bring them again "as a plenary action" in this court.  *York*, 286 F.3d at 127.  This claim also must be dismissed.

### III.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Insofar as Wray's letter of June 14, 2016 (Dkt. No. 22), can be construed as a request to file further briefing on the motion, that request is DENIED.

The Clerk of Court is directed to terminate the motion at docket number 13 and to close the case.

SO ORDERED.

Dated: June 23, 2016
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED BY CHAMBERS TO PRO SE PARTY